IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC BILAL PEARSON, | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 16-0066 |
| | : | |
| DETECTIVE JASON KRASLEY, | : | |
| *Defendant*. | : | |

**Jones, II J.** May 11, 2017

## MEMORANDUM

Isaac Bilal Pearson, proceeding *pro se*, brought this suit against Detective Jason Krasley pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in the course of an arrest on March 12, 2015. Am. Compl. 1-2, ECF No. 4. Defendant moves to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule 12(b)(6). ECF No. 16. For the reasons set forth below, the Amended Complaint is dismissed.

### STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). When, as here, the plaintiff is a *pro se* litigant, courts "have a special obligation to construe his complaint liberally." *Zilich v. Lucht*, 981 F.2d 694 (3d Cir. 1992) (citing to *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1

This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007))

In addition to the allegations in the complaint, a court "can consider a document *integral to or explicitly relied upon* in the complaint," as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis in original) (internal quotation marks omitted). A court may also consider public records such as criminal dockets. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Accordingly, this Court considered the criminal docket that Defendant filed in support of his motion, as well as the criminal docket and police report that Plaintiff submitted with his response.

**RELEVANT BACKGROUND**

According to the Amended Complaint, Krasley apprehended Pearson "at gun point" in a parking lot in Allentown, Pennsylvania, on March 12, 2015. He "ordered" Pearson to get out of his car and lay down on the ground. Am. Compl. 1. Krasley took Pearson's wallet and the $905 he was carrying. Krasley then "placed" Pearson in handcuffs and "escorted" him into his police vehicle. *Id*. He proceeded to search Pearson's car from which he took three cellular phones. Shortly thereafter, Krasley signed off on an "affidavit of probable cause," or police report, which

stated that three cell phones and $905 were "in [Plaintiff's] possession" at the time of his arrest. *Id*. at 2; *see also* Pl.'s Resp. 4, ECF No. 18.

Following his arrest, Pearson was charged with theft of leased property, receiving stolen property and unauthorized use of a motor vehicle, as well as one count of promoting prostitution. *See Commonwealth v. Pearson*, CP-39-CR-0002184-2015 *and Commonwealth v. Pearson*, CP-39-CR-0002188-2015. On July 8, 2015, he pleaded guilty to the motor vehicle charge, and the property charges were withdrawn. CP-39-CR-0002188-2015. The prostitution-related charge was *nolle prossed* on December 17, 2015. CP-39-CR-0002184-2015; *see also* Pl.'s Resp. 3. According to the criminal docket supplied by Defendant, Pearson was arrested again on October 30, 2015, and charged with two counts of trafficking in individuals, promoting prostitution, and criminal use of a communication facility. Def.'s Br. 15 (Ex. A), ECF No. 16. On February 3, 2016, Plaintiff was found guilty of those charges. *Id*. at 22.

Meanwhile, on January 7, 2016, Plaintiff commenced this civil action. Plaintiff filed an Amended Complaint fifteen days later, alleging unlawful use of excessive force and unlawful search and seizure in violation of the Fourth Amendment based solely on allegations pertaining to Defendant's conduct during the March 12, 2015 arrest.[1] Am. Compl. 1-2. Plaintiff also claims violations of his "due process rights" and the First, Sixth, and Eighth Amendments based on Defendant's alleged falsification of a police report. *Id*. at 2. On February 29, 2016, this Court stayed this action pending resolution of the state court proceedings. ECF No. 6. The case was returned to this Court's active docket on September 9, 2016, following Plaintiff's notice that

---

[1] Plaintiff alleged unlawful use of excessive force in violation of the Eighth Amendment, but "in the context of an arrest or investigatory stop of a free citizen" an excessive force claim "is most properly characterized as one invoking the protection of the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 394 (1989) (emphasis added). Because Plaintiff is a *pro se* litigant, this Court construes his Amended Complaint liberally and reads it as if he had pleaded an excessive force claim under the Fourth Amendment.

3

the state case based on the March 12, 2015 arrest had been *nolle prossed*. ECF No. 9. Defendant timely moved to dismiss.

## DISCUSSION

Defendant asserts that Plaintiff's Amended Complaint must be dismissed under the "favorable-termination" rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Def.'s Br. 4-5. This Court disagrees. Defendants are correct, however, that Plaintiff fails to assert any plausible claims under section 1983. *Id*. at 6-8. The Amended Complaint is therefore dismissed.

### I. Heck's Favorable-Termination Rule Does Not Apply

When a plaintiff seeks damages under section 1983 for harm caused by unlawful conduct that would invalidate his conviction or sentence, *Heck* requires proof of "favorable termination," i.e., "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. But "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against [him], the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (emphasis in original).

Defendant argues that *Heck* categorically bars Plaintiff's Fourth Amendment claims because Pearson's criminal convictions, following his October 30, 2015 arrest, "would be undermined by a successful unlawful search and seizure or unlawful arrest claim." Def.'s Br. 6. Defendant's argument misses the mark.

Contrary to Defendant's assertion, Pearson is not bringing claims based on his October 30, 2015 arrest, but rather his March 12, 2015 arrest, which resulted in only one conviction: a guilty plea for the unauthorized use of a motor vehicle. The other charges were either withdrawn

or *nolle prossed*. Pearson's prostitution-related convictions on February 3, 2016, arose from his subsequent arrest on October 30, 2015. Def.'s Br. 15 (Ex. A); *see also Commonwealth v. Pearson*, CP-39-CR-0004988-2015. Defendant does not explain how the convictions resulting from the October 30, 2015 arrest are relevant for purposes of this civil action.

Furthermore, even assuming *arguendo* that all those convictions are relevant, Defendant offers no grounds for finding that a successful outcome in this case would necessarily invalidate any of them. "Fourth Amendment claims can be brought under § 1983, even without favorable termination, if the district court determines that success on the § 1983 claim would not necessarily imply the invalidity of the conviction." *Gibson v. Superintendent of NJ Dep't of Law & Pub. Safety-Div. of State Police*, 411 F.3d 427, 448 (3d Cir. 2005) (a case-by-case inquiry is necessary for determining *Heck*'s applicability to a Fourth Amendment claim). In *Gibson*, the court of appeals noted that, even though a successful unlawful search and seizure claim under section 1983 "might suggest that certain evidence should have been excluded at criminal trial, that issue will never be reached in the civil context and, therefore, the successful civil claim will not necessarily imply the invalidity of the underlying criminal conviction." *Id.* at 439.

Likewise, an excessive force claim does not necessarily implicate the invalidity of the underlying criminal judgment. *Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 (3d Cir. 2008) (vacating district court's decision to dismiss excessive force claim on the basis of *Heck*). In *Lora-Pena*, the Third Circuit explained, "It is conceivable that a law enforcement officer, acting within the scope of his official duties, may use force that is excessive in effectuating a *lawful* arrest." *Id*. at 506 (citing to *Nelson v. Jashurek*, 109 F.3d 142 (3d Cir. 1997)) (emphasis added).

Because Defendant failed to establish how a successful claim here would necessarily invalidate any of Plaintiff's convictions, the motion to dismiss on the basis of *Heck* is denied.

5

## II. Plaintiff Fails to State Claims under Section 1983

Having concluded that Plaintiff's claims survive a *Heck* challenge, this Court next examines the sufficiency of Plaintiff's allegations.

As Defendant points out, the Amended Complaint lacks any factual allegations that could support claims under the First, Sixth or Eighth Amendments. Def.'s Br. 6-7. It also fails to sufficiently allege any "due process" violations. Plaintiff attempts to ground his claims on Defendant's alleged falsification of a police report, a copy of which Plaintiff submitted with his response to the motion. *See* Pl.'s Resp. 4. Plaintiff does not specifically allege whether Defendant fabricated the entire report or just certain portions. He does, however, focus on one possible inconsistency between the police report and Defendant's later testimony: the police report states Pearson "was in possession … of three cell phones" at the time of his arrest but Defendant testified he recovered the cell phones from Pearson's car. *Id*. at 4-5. Even if that alleged discrepancy were an intentional misrepresentation, which this Court does not so find at this time, Defendant's alleged falsification of the police report, in and of itself, is not enough to sustain Plaintiff's cause of action. *See Jarrett v. Twp. Of Bensalem*, 312 Fed. App'x 505, 507 (3d Cir. 2009) ("the mere existence of an allegedly incorrect police report fails to implicate constitutional rights."). Plaintiff's claims, insofar as they are based solely on an allegedly false police report, are therefore dismissed as a matter of law.

Plaintiff also fails to state claims under the Fourth Amendment.[2] To survive a motion to dismiss an excessive force claim, the Complaint must sufficiently allege that a "seizure" occurred and that it was carried out in an "unreasonable" manner. *Curley v. Klem*, 499 F.3d 199, 203 n.4 (3d Cir. 2007) (quoting *Abraham v. Raso,* 183 F.3d 279, 288 (3d Cir.1999)). Plaintiff's

---

[2] Defendant does not address the sufficiency of the allegations under the Fourth Amendment. Nevertheless, having construed Plaintiff's Eighth Amendment claims as arising under the Fourth Amendment, this Court evaluates the sufficiency of those claims under the Fourth Amendment.

6

arrest is undisputedly a "seizure" within the meaning of the Fourth Amendment; thus, this Court's review focuses on whether the Complaint alleges "unreasonable" use of force.

The reasonableness inquiry includes two sets of factors. *Ansell v. Ross Twp, Penn.*, 419 F. App'x 209, 212 (3d Cir. 2011). The "*Graham* factors" include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 213 (quoting *Graham v. Connor,* 490 U.S. 386, 396 (1989)). Additionally, a district court in the Third Circuit must consider the so-called "*Sharrar* factors," which include "the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Id*. (quoting *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997)).

Accepting all of Plaintiff's allegations as true, the Amended Complaint does not set out enough factual content to establish Defendant used unreasonable force in arresting Pearson for the suspected prostitution-related crimes. According to Plaintiff, Defendant approached him "at gunpoint" in a parking lot "for an unknown reason." Am. Compl. ¶ 5. Defendant then "ordered" Plaintiff out of his car and onto the ground before handcuffing him and "escorting" him into the police vehicle. *Id*. These allegations, standing alone, are insufficient to show unreasonable force. *See McDowell v. Del. State Police*, No. 95-129, 1999 WL 151873, *1, *5 (D. Del. Mar. 15, 1999) (finding no excessive force where a single officer "dragged" plaintiff out of his car and onto the ground at gunpoint since the suspected crime "was drug-related and, therefore, considered dangerous," and the suspect "was in a vehicle and, thus, capable of flight"). Additionally, Plaintiff has not alleged any injury resulting from his arrest, an omission that undercuts his excessive force claim. *Id*. at *5.

Neither do the pleadings support an unlawful search and seizure. To recover money damages for an illegal search and seizure, the plaintiff "must prove, inter alia, that the search and seizure were illegal." *Gresh v. Godshall*, 170 Fed. App'x 217, 220 (3d Cir. 2006) (citing to *Heck*, 512 U.S. at 487 n.7). A warrantless search is legal if supported by probable cause, and probable cause exists when, "viewing the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* at 221 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). In *Gresh*, the Third Circuit found there was probable cause to search a suspect's "car based on a named witness's statement that she had seen [him] carry electronic equipment from the burglary victims' home to his vehicle." *Id.* at 221 (citing to *Merkle v. Upper Dublin School District*, 211 F.3d 782, 790 (3rd Cir. 2000) ("knowledge of a credible report from a [single] credible eyewitness" is sufficient for probable cause)); *see also Hickson v. Marina Assocs.*, 865 F. Supp. 2d 581, 588 (D.N.J. 2012) (no basis for relief under section 1983 for illegal search and seizure where defendant had probable cause to search person pursuant to a lawful arrest).

In the present case, there was probable cause to search Pearson and his car for evidence of a crime. Prior to his arrest, officers had set up a sting operation with a woman, identified as Schuler, who worked as a prostitute for Pearson. Pl.'s Resp. 4. Schuler stated that Pearson had taken from her the $900 she had earned the previous evening. She also stated that Pearson would be picking her up from the motel in a silver Chevrolet. After Schuler called Pearson to tell him "she was ready," Pearson pulled up into the motel's parking lot in a silver Chevrolet. The report also suggests the officers had a warrant for a stolen vehicle that matched Pearson's car. *Id*.

At the time of the arrest, Defendant found $905, but no cell phones, on Pearson. *See* Am. Compl. ¶ 5. A reasonable police officer would have concluded, based on Schuler's statements,

that there was a "fair probability" that the cell phone Pearson had used to communicate with Schuler (*i.e.*, evidence of the suspected crimes) might be in Pearson's car. *See Gresh*, 170 Fed. App'x at 221. Because probable cause existed to search Pearson and his car, Plaintiff's illegal search and seizure claim fails as a matter of law.

## CONCLUSION

Defendant's motion to dismiss on the basis of *Heck* is denied. The Amended Complaint is dismissed, however, because Plaintiff failed to state any claims upon which relief may be granted.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. Darnell Jones, II    J.